Arthur G. Klein, J.
Motion by the plaintiff for summary judgment under the provisions of rule 113 of the Rules of Civil Practice is granted. There is no dispute as to any of the salient and material facts. The plaintiff issued to the defendant Basil P. Georgopulo a family automobile liability policy covering the automobile owned by him which was in full force and effect on *170 August 20, 1957. On that date while a passenger in said automobile, the defendant Catherine B. Georgopulo, the wife of the insured was injured. The accident occurred in Connecticut while the automobile was being operated by the insured. She has commenced an action in that State against her husband for personal injuries alleged to have been sustained in said accident. The present action has been brought by the plaintiff insurance company for a judgment declaring that its policy does not cover the accident in question and that the defendant is not required to defend the action in the Connecticut court.
Subdivision 3 of section 167 of the Insurance Law of the State of New York provides that “ No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy ’ ’. There is no express provision in the policy concerning plaintiff insurer’s liability for injuries to the spouse of an insured.
The plaintiff is not obligated to defend the action brought in Connecticut by the wife of the insured against her husband (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1).
The question whether the defendant husband is insured is governed by the lex loci contractus.
The defendants have offered no facts to show that the contract was made in any place other than the State of New York.
The facts here are different from the facts in the case of New Amsterdam Cas. Co. v. Stecker (supra) in only one slight particular. Here the defendant Catherine B. Georgopulo admits that she and her husband are residents of New York, as was the defendant in the Stecker case. In this case, however, this defendant says that she and her husband were also residents of Connecticut for a portion of the year. This is a distinction without a difference and has no bearing on the effect of the ruling in the Stecker case in which summary judgment was awarded to the plaintiff insurance company.
The motion for summary judgment in favor of the plaintiff is accordingly granted. The branch of the motion made under rule 112 of the Buies of Civil Practice is denied. The motion for summary judgment against the defendant Basil P. Georgopulo is granted on default.
Settle order.